**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vanessa Lynn Rodriguez,<br><br>    Petitioner,<br><br>v.<br><br>David C Shinn, et al.,<br><br>    Respondents. | No. CV-20-00068-TUC-DTF<br><br>**ORDER** |

Pending before the Court is Petitioner's Motion to Alter or Amend a Judgment Pursuant to Rule 59 of the Federal Rules of Civil Procedure/Motion for a New Trial Pursuant to Rule 52(b) Fed. R. Civ. P. (Doc. 28.) Petitioner raises two major issues: the undersigned magistrate judge lacked authority for the previous order and errors of fact and law. *Id.* For the reasons set forth below, the Court will deny Petitioner's Motion.

**BACKGROUND**

On May 15, 2020, Petitioner filed her Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (Doc. 6.) She raised four grounds for relief. *Id.* at 6-9. On October 22, 2021, the Court filed an order dismissing the Amended Petition. (Doc. 24.) The Court found Grounds One, Two, and Four were procedurally defaulted or not cognizable. *Id.* at 10, 13, 15. Then the Court denied Ground Three on the merits. *Id.* at 25.

On November 19, 2021, Petitioner filed her Motion to Alter or Amend a Judgment Pursuant to Rule 59 of the Federal Rules of Civil Procedure/Motion for a New Trial Pursuant to Rule 52(b) Fed. R. Civ. P. (Doc. 28.) Respondents filed a response on

December 2, 2021. (Doc. 29.)

**JURISDICTION**

Petitioner argues the undersigned exceeded his statutory authority. (Doc. 28 at 2-3.) She contends that magistrate judges may not enter a final judgment. *Id.* She then claims she "did not fully consent to the use of a magistrate in making dispositive rulings, as Petitioner signed both sections of the consent form." *Id.* at 3.

> Upon the consent of the parties, a full-time United States magistrate judge or a part-time United States magistrate judge who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.

28 U.S.C. § 636(c)(1).

Here, on August 7, 2020, the District Court screened the Amended Petition and sent Petitioner both "Consent to Exercise of Jurisdiction by United States Magistrate Judge" instructions and the appropriate consent form. (Docs. 10, 10-2, 10-3.) The instructions informed Petitioner that the case was assigned to a United States District Judge and referred to a United States Magistrate Judge. (Doc. 10-2.) The instructions continued:

> If all parties consent, the case will be assigned to the referred United States Magistrate Judge, pursuant to Title 28, U.S.C. §636(c)(1). These cases are assigned to a United States Magistrate Judge for all purposes, including trial and final entry of judgment. Any appeal from a judgment entered by the United States Magistrate Judge may be taken directly to the United States Court of Appeals for the Ninth Circuit in the same manner as an appeal from any other judgment of a district court. However, consent is voluntary, and no adverse consequences of any kind will be felt by any party or attorney who objects to assignment of a case to the United States Magistrate Judge.
>
> If any party chooses the United States District Judge option, the case will remain assigned to the United States District Court Judge. To elect to have the case heard before a United States District Court Judge, the United States District Judge option selection of the form must be completed.

*Id.* The consent form also clearly states that "the undersigned . . . hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further proceedings

- 2 -

in the case, including trial and entry of a final judgment, with direct review by the Ninth Circuit Court of Appeals if an appeal is filed." (Doc. 10-3.)

On March 16, 2020, the Clerk of the Court received a signed consent form from Petitioner."[1] (*See* Exhibit 1.) The form is signed in the section "Consent to Exercise of Jurisdiction by United States Magistrate Judge." *Id.* The "United States District Court Judge Option" is blank. *Id.* On November 12, 2020, the Court entered a minute entry reassigning the matter, stating

> Minute Order: In accordance with 28 USC 636(c), all parties have voluntarily consented to have a Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment, and conduct all post-judgment proceedings, with direct review by the Ninth Circuit Court of Appeals, if an appeal is filed. This case is reassigned to Magistrate Judge D Thomas Ferraro. All further pleadings shall list the following case number: CV-20-68-TUC-DTF. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry.

(Doc. 18.)

Petitioner argues that the undersigned exceeded his authority and that he could not enter a judgment and that she did not consent to his jurisdiction. (Doc. 28 2-3.) The Court disagrees with both arguments.

If both parties consented, then this Court may enter judgment on this matter. § 636(c)(1). The record contradicts Petitioner's claim that she "signed both sections of the consent form." (Exhibit 1.) Petitioner signed the consent form after receiving clear instructions. (*Id.*; Doc. 10-2.) She left the second section blank. (Exhibit 1.) Further, she was informed the matter had been reassigned. (Doc. 18.) Thus, the undersigned did not exceed his authority by ordering judgment be entered in this matter because both parties consented.

**AMEND OR ALTER JUDGMENT**

Rule 59(e) presents an "extra ordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Kaufmann v. Kijakazi*, 32 F.4th 843, 850

---

[1] The Court obtained the consent form from the Clerk of Court. Ordinarily consent forms are not filed on the public docket.

- 3 -

(9th Cir. 2022) (quoting *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014)). Courts may alter or amend judgments under Rule 59(e) "if it 'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *Wood*, 759 F.3d at 1121). Similarly, Rule 52(b) allows courts "an opportunity to correct manifest errors of law or fact at trial, or in some limited situations, to present newly discovered evidence." 9C Charles Alana Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2571 (3d ed. 2018).

Having reviewed the motion to reconsider and the record in this case, the Court finds no basis to depart from its original decision.

Accordingly, IT IS HEREBY ORDERED that Petitioner's Motion (Doc. 28) is denied.

Dated this 1st day of June, 2022.

Honorable D. Thomas Ferraro
United States Magistrate Judge

# Exhibit 1

```
                                                                    ✓ FILED        LODGED
                                                                    ___ RECEIVED   ___ COPY

                   (FOR USE IN Title 28 §2241 and §2254 CASES WITH
                    UNITED STATES DISTRICT JUDGE AS PRESIDER)       MAR 1 6 2020

                        UNITED STATES DISTRICT COURT                CLERK U.S. DISTRICT COURT
                              DISTRICT OF ARIZONA                      DISTRICT OF ARIZONA
                                                                    BY _____ DEPUTY
```

                                    )
           Petitioner(s)             )
                                     )   Case No.
   vs.                               )   CV-20-0068-TUC-JAS(DTF)
                                     )
                                     )
           Respondent(s)             )

               **CONSENT TO EXERCISE OF JURISDICTION BY**
                    **UNITED STATES MAGISTRATE JUDGE**

   In accordance with provisions of Title 28, U.S.C. §636(c)(1), the undersigned (party) (counsel of record for _Vanessa Rodriguez_) in the above-captioned civil matter hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further proceedings in the case, including t rial and entry of a final judgment, with direct review by the Ninth Circuit Court of Appeals if an appeal is filed.

   Date: _2/28/20_          _[Signature]_
                            Signature

                            _Vanessa Rodriguez_
                            Print Name

   ================================================================

                    **UNITED STATES DISTRICT JUDGE OPTION**

   Pursuant to Title 28, U.S.C. §636(c)(2) the undersigned (party)(counsel of record for _____ _____) in the above captioned civil matter acknowledges the availability of a United States Magistrate Judge but elects to have this case remain assigned to a United States District Judge.

   Date: _____      _____
                             Signature

                             _____
                             Print Name

                  **DO NOT ELECTRONICALLY FILE THIS FORM.**
              **RETURN THIS FORM TO THE CLERK'S OFFICE WITHIN**
              **THIRTY (30) DAYS FROM YOUR APPEARANCE IN THIS CASE.**